# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **RYAN D. RUSSELL, SR.** | **CIVIL ACTION NO. 05-1072-P** |
| **VERSUS** | **JUDGE STAGG** |
| **JOHNNY NORMAN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ryan D. Russell, Sr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on June 15, 2005. Plaintiff is incarcerated at the Red River Parish Jail in Coushatta, Louisiana, and he complains his civil rights were violated by prison officials. He names Sheriff Johnny Norman and District Attorney William Jones as defendants.

Plaintiff claims he filed a grievance in which he complained that his privileged mail was opened outside of his presence. He complains that Sheriff Norman denied his grievance and stated that his rights had not been violated. Plaintiff claims he then filed another grievance to inform District Attorney Jones that Sheriff Norman committed a felony when he stated that his rights had not been violated.

For the reasons discussed below, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

"A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts.[1] Additionally, such interference may violate the prisoner's First Amendment right to free speech--i.e., the right to be free from unjustified governmental interference with communication." Brewer v. Wilkinson, 3 F.3d 816, 820, (5th Cir. 1993), cert. denied, 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed 2d 39 (1994). In determining the constitutional validity of prison practices that impinge upon a prisoner's rights with respect to mail, the appropriate inquiry is whether the practice is reasonably related to a legitimate penological interest. Brewer, 3 F.3d at 824.

The Fifth Circuit has held that in order to prevent the sending of contraband, prison authorities may open a prisoner's mail for inspection. Jackson v. Cain, 864 F.2d 1235, 1244 (5th Cir. 1989) citing Guajardo v. Estelle, 580 F.2d 748, 759 (5th Cir. 1978).

Plaintiff alleges prison officials opened his incoming mail when he was not present and then denied that his rights had been violated. This does not rise to the level of a constitutional violation. Brewer at 825. Thus, Plaintiff has failed to state a claim for relief under Section 1983 and his claim should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a

---

[1] The Court notes that Plaintiff does not allege that he was denied access to the courts, or even that the subject mail was legal in nature. The Court therefore pretermits discussion of the more stringent analysis of a denial of access to the courts claim.

determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Pugh v. Parish of St. Tammany, 875 F.2d 436 (5th Cir. 1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's claim be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE, OR WITHIN THE TIME GRANTED PURSUANT TO FED. R. CIV. P. 6(B), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS ON APPEAL EXCEPT UPON GROUNDS OF PLAIN ERROR OR MANIFEST INJUSTICE.** See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985); Carter v. Collins, 918 F.2d 1198, 1203 (5th Cir. 1990).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 6th day of December, 2005.

```
              _____
                    MARK L. HORNSBY
              UNITED STATES MAGISTRATE JUDGE
```